# IN THE SUPREME COURT OF THE STATE OF NEVADA

THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE HOLDERS OF THE CERTIFICATES FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAM 2005-AA12 BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICER, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT,
Appellant,
vs.
1659 RAINBOW TRUST,
Respondent.

No. 74872



FILED

MAR 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in a judicial foreclosure and quiet title action. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant contends that the district court erroneously determined that the HOA foreclosed on the superpriority portion of its lien. We disagree. Because the foreclosed-upon lien included a superpriority component and the HOA's agent gave no indication before the sale that only the subpriority portion of the lien was being foreclosed, the sale was

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

effective to extinguish the first deed of trust. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014) (holding that foreclosure of the superpriority portion of an HOA's lien extinguishes a first deed of trust). We are not persuaded that the HOA's or its agent's mistaken, after-the-fact belief regarding the effect of the foreclosure sale could alter the sale's actual legal effect.[2] *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 596-97 (2018) (recognizing that a party's subjective belief as to the effect of a foreclosure sale cannot alter the actual effect of the sale). Accordingly, the district court correctly determined that there was no genuine issue of material fact that the HOA foreclosed on the superpriority portion of its lien.[3]

Appellant alternatively contends that the district court should have set aside the foreclosure sale based on the grossly inadequate purchase price and evidence of unfairness in the foreclosure process. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming

---

[2]Although appellant observes that the trustee's deed upon sale made no warranties as to the title being conveyed, NRS 116.31164(3) (2005) required the deed to convey title "without warranty."

[3]We decline to address in detail appellant's arguments regarding the post-sale distribution of proceeds or purportedly misleading CC&Rs because those arguments were not raised below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Regardless, we note that the distribution of proceeds was not entirely consistent with a subpriority-only sale, and Section 2.5.3(b) of the CC&Rs contains language reflecting that the HOA had a superpriority lien. Additionally, although appellant now argues that there is a genuine issue of material fact as to whether the HOA foreclosed on the superpriority portion of its lien, appellant asked the district court to resolve that issue as a matter of law based on the evidence in the record.

that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellant suggests that bidding was chilled based on the HOA agent's belief that the foreclosure sale would not extinguish the first deed of trust. However, there is no evidence in the record indicating that the HOA's agent communicated its belief regarding the legal effect of the sale to anyone. Accordingly, appellant's argument regarding bid chilling necessarily fails. We therefore

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Linda Marie Bell, Chief Judge
William C. Turner, Settlement Judge
Akerman LLP/Las Vegas
Ayon Law, PLLC
Eighth District Court Clerk