# IN THE SUPREME COURT OF THE STATE OF NEVADA

FEDERAL NATIONAL MORTGAGE ASSOCIATION, D/B/A FANNIE MAE, A GOVERNMENT SPONSORED ENTITY,
Appellant,
vs.
SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 72519

**FILED**

SEP 1 2 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a final judgment in a quiet title action.[1] Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 596 (2018).

In *Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018), this court held that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae). Here, the district court determined that appellant's evidence failed to show that

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

appellant owned the loan secured by the first deed of trust and therefore the Federal Foreclosure Bar did not protect the first deed of trust. But we recently concluded that evidence like that introduced by appellant at trial satisfied NRS 51.135's standard for admissibility and was sufficient to establish that Freddie Mac owned the subject loan. *Daisy Trust v. Wells Fargo Bank, N.A.*, 135 Nev., Adv. Op. 30, 445 P.3d 846, 850-51 (2019). Consistent with that decision, we conclude that the district court erred in its determination that appellant's evidence failed to demonstrate that appellant owned the loan at issue in this case.[2] *See Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d at 596.

The district court also determined that the Federal Foreclosure Bar did not protect the first deed of trust because appellant had not publicly recorded its ownership of the loan secured by the first deed of trust. But we concluded in *Daisy Trust* that Nevada law does not require Freddie Mac (or in this case appellant) to publicly record its ownership interest in the subject loan and that, consequently, an HOA foreclosure sale purchaser's putative status as a bona fide purchaser does not protect the purchaser from the

---

[2]As we explained in *Daisy Trust*, the original promissory note would not necessarily constitute better evidence of appellant's ownership on the date of the HOA's foreclosure sale because the endorsement would not have been dated. 135 Nev., Adv. Op. 30, 445 P.3d at 850. Additionally, although the district court in this case took issue with perceived shortcomings in appellant's documentation, we are not persuaded that those shortcomings directly implicate appellant's ownership of the loan. In this respect, we note that trial exhibit 534 is not inconsistent with appellant's ownership. Moreover, although respondent observes that credibility determinations are left to the district court's discretion, the district court's judgment in this case contains no finding that John Curcio's testimony was not credible. In this respect, we note that Mr. Curcio testified that nothing in appellant's records showed the loan had been repurchased.

Federal Foreclosure Bar's effect. 135 Nev., Adv. Op. 30, 445 P.3d at 849. In light of the foregoing, the district court's bases for determining that the HOA's foreclosure sale extinguished appellant's deed of trust were erroneous. In that respect, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[3]

_____ C.J.
Gibbons

_____ , J.          _____ , Sr. J.
Stiglich                                      Douglas

cc:    Hon. Nancy L. Allf, District Judge
       Janet Trost, Settlement Judge
       Snell & Wilmer, LLP/Tucson
       Snell & Wilmer, LLP/Las Vegas
       Kim Gilbert Ebron
       Arnold & Porter Kaye Scholer LLP/Washington DC
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[3]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.