IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.,
SUCCESSOR BY MERGER TO BAC
HOME LOANS SERVICING, LP F/K/A
COUNTRYWIDE HOME LOANS
SERVICING, LP,
Appellant,
vs.
SATICOY BAY LLC SERIES 716
FIESTA DEL REY, A NEVADA
LIMITED LIABILITY COMPANY,
Respondent.

No. 73623





JAN 17 2019

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

We conclude that the district court correctly granted summary judgment for respondent. In particular, we agree with the district court that Miles Bauer's August 2012 letter offering to pay the superpriority lien amount, once that amount was determined, was insufficient to constitute a valid tender.[2] *See Southfork Invs. Grp., Inc. v. Williams*, 706 So. 2d 75, 79

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Neither *Ebert v. Western States Refining Co.*, 75 Nev. 217, 337 P.2d 1075 (1959), nor *Cladianos v. Friedhoff*, 69 Nev. 41, 240 P.2d 208 (1952), support appellant's position. Those cases addressed when a party's

19-02808

(Fla. Dist. Ct. App. 1998) ("To make an effective tender, the debtor must actually attempt to pay the sums due; mere offers to pay, or declarations that the debtor is willing to pay, are not enough."); *Cochran v. Griffith Energy Serv., Inc.*, 993 A.2d 153, 166 (Md. Ct. Spec. App. 2010) ("A tender is an offer to perform a condition or obligation, coupled with the present ability of immediate performance, so that if it were not for the refusal of cooperation by the party to whom tender is made, the condition or obligation would be immediately satisfied." (internal quotation marks omitted)); *Graff v. Burnett*, 414 N.W.2d 271, 276 (Neb. 1987) ("To determine whether a proper tender of payment has been made, we have stated that a tender is more than a mere offer to pay. A tender of payment is an offer to perform, coupled with the present ability of immediate performance, which, were it not for the refusal of cooperation by the party to whom tender is made, would immediately satisfy the condition or obligation for which the tender is made."); *McDowell Welding & Pipefitting, Inc. v. United States Gypsum Co.*, 320 P.3d 579, 585 (Or. Ct. App. 2014) ("In order to serve the same function as the production of money, a written offer of payment must communicate a present offer of timely payment. The prospect that payment might occur at some point in the future is not sufficient for a court to conclude that there has been a tender . . . ." (internal quotations, citations, and alterations omitted)); *cf.* 74 Am. Jur. 2d Tender § 1 (2018) (recognizing the general rule that an offer to pay without actual payment is not a valid tender); 86 C.J.S. Tender § 24 (2018) (same).

---

performance of a contractual condition could be excused by virtue of the other contracting party having already breached the contract. *Ebert*, 75 Nev. at 222, 337 P.3d at 1077; *Cladianos*, 69 Nev. at 45-47, 240 P.2d at 210-11.

Supreme Court
OF
Nevada

(O) 1947A

Appellant alternatively contends that the district court should have set aside the foreclosure sale based on the grossly inadequate purchase price and evidence of unfairness in the foreclosure process. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev., Adv. Op. 91, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellant relies on (1) the fact that the HOA's agent (NAS) did not respond to the August 2012 letter, (2) the CC&Rs' restrictive covenant representing that an HOA foreclosure sale would not extinguish the deed of trust, and (3) NAS not distributing any of the sale proceeds to appellant.[3]

We disagree that this evidence amounts to unfairness. First, although NAS did not respond to the letter, there is nothing in the record to suggest that omission affected the bidding at the foreclosure sale.[4] *Cf. id.* at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price.'*" (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty.*

---

[3]We decline to consider appellant's argument regarding unfairness with respect to how the opening bid was set because that argument was not preserved below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[4]To the extent appellant is arguing that it was generally unfair for NAS to not respond to the letter, we note that appellant had numerous other ways to protect its security interest, including, at bare minimum, following up on the letter.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016))). Second, there is no evidence that prospective bidders were misled by the CC&Rs' restrictive covenant and that bidding was chilled.[5] We also note that section 7.9 of the CC&Rs provided that the HOA's lien was "otherwise subject to NRS § 116.3116," which casts doubt on the meaning appellant ascribes to the restrictive covenant. Third, NAS's post-sale distribution of proceeds had no bearing on the events leading up to and during the sale. Additionally, NRS 116.31166(2) (1993) absolved respondent of any responsibility to see that the sale proceeds were properly distributed.

Appellant finally contends that there are questions of material fact as to whether the HOA foreclosed on only the subpriority portion of its lien. Again, we disagree, as we are not persuaded that NAS's potentially mistaken belief regarding the effect of the foreclosure sale or its post-sale distribution of proceeds is probative of the sale's actual legal effect. *Cf. Wells Fargo Bank, N.A. v. Radecki*, 134 Nev., Adv. Op. 74, 426 P.3d 593, 596-97 (2018) (recognizing that a party's subjective belief as to the effect of a foreclosure sale cannot alter the actual effect of the sale). Additionally, and contrary to appellant's suggestion, NAS's distribution of proceeds was not entirely consistent with a subpriority-only sale, as appellant acknowledged in district court that NAS reimbursed the HOA in full, which would have included the unpaid monthly assessments comprising the superpriority portion of its lien. And although appellant argues that the

---

[5]In this respect, and to the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' restrictive covenant, the HOA sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

CC&Rs' restrictive covenant was enforceable in spite of NRS 116.1104, we decline to consider that argument because it was not raised below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:　Hon. Gloria Sturman, District Judge
　　Akerman LLP/Las Vegas
　　Law Offices of Michael F. Bohn, Ltd.
　　Eighth District Court Clerk