IN THE SUPREME COURT OF THE STATE OF NEVADA

WELLS FARGO BANK, N.A., AS
TRUSTEE FOR OPTION ONE
MORTGAGE LOAN TRUST 2007-06,
ASSET-BACKED CERTIFICATES,
SERIES 2007-06,
Appellant,
vs.
ELENA P. GABRIEL, AN INDIVIDUAL;
AND APOLONIO GABRIEL, AN
INDIVIDUAL,
Respondents.

No. 75817

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment following a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Jerry A. Wiese and Kerry Louise Earley, Judges. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

Appellant contends that although Article 7.1 of the HOA's CC&Rs recognizes the HOA's superpriority lien right, Article 7.2 contained a "restrictive covenant" wherein the HOA promised never to exercise that right. In particular, Article 7.2 provides:

> No violation or breach of, or failure to comply with
> any provision of this Master Declaration, and no
> action to enforce any such provision shall affect,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

defeat, render invalid or impair the lien of any First Mortgage . . . .

Presumably, appellant is suggesting that an HOA's foreclosure of its lien is an "action" and that Article 7.1 is the "provision" that is being "enforced" by the foreclosure. If so, we are not persuaded that an HOA's "promise" to never exercise its superpriority lien rights can be logically distinguished from a "waiver" of those rights that is prohibited by NRS 116.1104. *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014) (recognizing that NRS 116.1104 invalidates CC&R provisions that purport to waive an HOA's superpriority lien rights).[2] Accordingly, the district court correctly determined that the HOA did not foreclose on only the subpriority portion of its lien.

Appellant also contends that the district court should have set aside the sale on equitable grounds because appellant introduced evidence showing the sale was affected by fraud, unfairness, or oppression. In particular, appellant relies on (1) Article 7.2 in the CC&Rs wherein the HOA purportedly promised to protect the deed of trust, and (2) the HOA's improper distribution of the sale proceeds. We disagree. With respect to Article 7.2, appellant has not presented any evidence that potential bidders

---

[2]While *SFR Investments* did not specifically refer to the CC&R provision as a "restrictive covenant," the decision nonetheless held that language nearly identical to Article 7.2 was invalidated by NRS 116.1104. 130 Nev. at 757-58, 334 P.3d at 419. Although appellant argues in its reply brief that the language is "**not** 'nearly identical,'" this raises the question of why appellant chose to omit that language from its quote of the *SFR Investments* decision in appellant's opening brief. We remind counsel of their obligations under RPC 3.3.

were misled by Article 7.2 and that bidding was chilled.[3] *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740, 741, 405 P.3d 641, 643 (2017) (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price*'" to justify setting aside a foreclosure sale on equitable grounds (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016))). Moreover, it is not self-evident that anyone reviewing the CC&Rs would have agreed with appellant's interpretation of the interplay between Articles 7.1 and 7.2 wherein Article 7.1 expressly affords the HOA superpriority rights only to have Article 7.2 opaquely promise never to exercise those rights.[4] With respect to appellant's argument regarding improper distribution of sale proceeds, this court has previously held in

---

[3]In this respect, and to the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' mortgage saving clause, the HOA in that case sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

[4]Although appellant contends that the original lender relied on Article 7.2 in extending the loan, no such evidence was introduced at trial. Rather, a representative of appellant's loan servicer opined as to how he thought the original lender may have interpreted a summary of Article 7.2 contained within a title insurance policy that makes no mention of Article 7.1 or NRS 116.3116. We are not persuaded that the district court abused its discretion in not giving credence to this testimony. *Cf. Ellis v. Carucci*, 123 Nev. 145, 152, 161 P.3d 239, 244 (2007) ("[W]e leave witness credibility determinations to the district court and will not reweigh credibility on appeal."). Perhaps more importantly, there is no evidence that *appellant* relied on Article 7.2 when it purchased the loan in 2007.

*Nationstar Mortgage* that an improper post-sale distribution of proceeds does not amount to fraud, unfairness, or oppression. 133 Nev. at 752, 405 P.3d at 650. Accordingly, substantial evidence supports the district court's determination that there were no equitable grounds to justify setting aside the sale. We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.
Silver

_____, Sr. J.
Douglas

cc:     Hon. Jerry A. Wiese, District Judge
        Hon. Kerry Louise Earley, District Judge
        William C. Turner, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        Kang & Associates PLLC
        Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.