IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| SFR INVESTMENTS POOL 1, LLC, A DOMESTIC LIMITED LIABILITY COMPANY, Appellant, vs. NATIONSTAR MORTGAGE, LLC, A FOREIGN LIMITED LIABILITY COMPANY, Respondent. | No. 74645 |

FILED

NOV 15 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

### ORDER OF REVERSAL AND REMAND

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Douglas Smith, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

We conclude that the district court erred in determining that a restrictive covenant in the HOA's CC&Rs demonstrated the HOA's choice to foreclose on only the subpriority portion of its lien. Although this court recognized in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 757-58, 334 P.3d 408, 419 (2014), that NRS 116.1104 invalidated a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-47870

virtually identically worded CC&R provision,[2] the district court agreed with respondent that an HOA's election to proceed only on the subpriority portion of its lien is an election of remedies, not a waiver, and that NRS 116.3116(6) allows an HOA to elect remedies. This position is not supported by any relevant authority, and we disagree with the interpretation of NRS 116.3116(6).[3]

NRS 116.3116(6) stated, "This section does not prohibit actions to recover sums for which subsection 1 creates a lien or prohibit an association from taking a deed in lieu of foreclosure." Its plain language provides only that an HOA is not prohibited from taking action other than foreclosure to satisfy its lien. It says nothing about an HOA choosing to foreclose on only the subpriority piece of its assessment lien when the superpriority piece has not been satisfied. *See SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 419 (stating that nothing in NRS 116.3116 expressly provides for a waiver of the HOA's right to a priority position). We therefore are not convinced that any such choice can be characterized as an "election

---

[2]The district court actually identified three similar provisions in Articles 6.20, 12.2, and 12.4. Article 6.20 contains language virtually identical to that addressed in *SFR Investments*. Articles 12.2 and 12.4 refer to an "amendment or violation" of the CC&Rs and a "breach or amendment" of the CC&Rs, respectively. But because the CC&Rs expressly contemplate a homeowner defaulting on monthly assessments, we question whether the homeowners' default on their monthly assessments was truly a "violation" or "breach" of the CC&Rs such that Articles 12.2 or 12.4 would provide any support for the district court's conclusion even in the absence of *SFR Investments'* holding.

[3]All statutory references are to the provisions in effect at the relevant time, during 2012.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

of remedies" that could be logically distinguished from a waiver that is precluded by NRS 116.1104. Even if we were to credit respondent's distinction, the CC&Rs' restrictive covenant upon which respondent relies expressly states that it is subject to the requirements of NRS 116.3116 (including subsection 2's superpriority provision), which casts further doubt on respondent's position.

We also disagree that respondent's other proffered evidence showed that the HOA chose to foreclose on only the subpriority portion of its lien. In particular, the publicly recorded foreclosure notices and trustee's deed indicate that the entirety of the HOA's lien was foreclosed upon, and the mistaken belief by the HOA's foreclosure agent regarding the effect of the foreclosure sale cannot alter the actual legal effect of the sale. *See Wells Fargo Bank, N.A. v. Radecki,* 134 Nev. 619. 621, 426 P.3d 593, 596-97 (2018) (recognizing that a party's subjective belief as to the effect of a foreclosure sale cannot alter the sale's actual effect). Nor was the post-sale distribution of proceeds entirely consistent with a subpriority-only sale, as the HOA would not have been entitled to the amount comprising the superpriority portion of its lien.

For similar reasons, we also conclude that the district court erred in determining that equitable grounds existed to set aside the sale. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon,* 133 Nev. 740, 747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). Although respondent contends that the CC&Rs' restrictive covenant represented that an HOA foreclosure sale would not extinguish the deed of trust, there is no evidence

that potential bidders were misled by the CC&Rs and that bidding was chilled, nor is there evidence that respondent or its predecessor relied on the CC&Rs.[4] Likewise, there is no evidence that the HOA's foreclosure agent expressed its belief regarding the effect of the foreclosure sale to any potential bidders, to respondent, or to respondent's predecessor. And although the district court found unfairness because the HOA's agent did not take (unidentified) steps to ensure the highest bid possible at the foreclosure sale, this court held in *Nationstar Mortgage* that NRS Chapter 116 imposes no such duty beyond properly following the statutory foreclosure procedures. 133 Nev. at 745-46, 405 P.3d at 645-46. Finally, although the Notice of Sale was not mailed to respondent, it was mailed to respondent's predecessor, who was the publicly recorded deed of trust beneficiary at the time the Notice of Sale was recorded and mailed. Because this court has held that an HOA need not re-mail properly mailed foreclosure notices if a different party subsequently acquires an interest in the property, *SFR Invs. Pool 1, LLC v. First Horizon Home Loans*, 134 Nev. 19, 22-23, 409 P.3d 891, 893-94 (2019), we cannot conclude that failure to mail respondent an extra-statutory notice amounts to fraud, unfairness, or oppression, particularly when respondent recorded its assignment with

---

[4]To the extent that it is persuasive, *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016), is distinguishable because in addition to the CC&Rs' mortgage saving clause, the HOA in that case sent a letter to the deed of trust beneficiary affirmatively misrepresenting to the beneficiary that it would not need to take any action to protect its deed of trust.

record notice that the originally scheduled sale would be taking place later that same day, *cf. id.* (explaining the purpose of the recording statutes).

In light of the foregoing, we conclude that the district court erred in determining that the HOA foreclosed on only the subpriority portion of its lien or, alternatively, that respondent was entitled to equitable relief. Accordingly, appellant is entitled to judgment in its favor, and we therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[5]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Silver                                                    Douglas

cc:     Chief Judge, Eighth Judicial District Court
        Eighth Judicial District Court, Dept. 8
        William C. Turner, Settlement Judge
        Kim Gilbert Ebron
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.