# IN THE SUPREME COURT OF THE STATE OF NEVADA

MARCHAI B.T.,
Appellant,
vs.
BEACON STREET HOMEOWNERS
ASSOCIATION, A NEVADA NON-
PROFIT CORPORATION; DAWSON
SMITH, AN INDIVIDUAL; AND
DANIEL WRIGHT, AN INDIVIDUAL,
Respondents.

No. 77729

FILED

NOV 15 2019

ELIZABETH A BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order granting summary judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Gloria Sturman, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we affirm.[1]

Appellant contends that our decision in *Facklam v. HSBC Bank USA*, 133 Nev. 497, 401 P.3d 1068 (2017), implicitly overturned the holding in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 334 P.3d 408 (2014), that "action" as used in NRS 116.3116(2) can mean a nonjudicial foreclosure. We disagree. The holding in *SFR Investments* was based on the interpretation of the Uniform Common Interest Ownership Act (UCIOA), not on NRS 11.090(1)(b), and the UCIOA makes clear that its use of "action" includes a nonjudicial foreclosure. 130 Nev. at 752-54, 334 P.3d at 415-16. Nor are we persuaded that *SFR Investments* should be overturned.

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

19-46871

Appellant next contends that respondents failed to produce prima facie evidence that the HOA's lien contained a superpriority component. Again, we disagree. Most notably, the HOA's account ledger indicated that the former homeowner had failed to pay six monthly assessments by the time the HOA recorded its Notice of Delinquent Assessment Lien.[2] *See Cuzze v. Univ. & Cmty. College Sys. of Nev.*, 123 Nev. 598, 602, 172 P.3d 131, 134 (2007) ("If the moving party will bear the burden of persuasion, that party must present evidence that would entitle it to a judgment as a matter of law in the absence of contrary evidence."); *cf. Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A.*, 133 Nev. 21, 26, 388 P.3d 226, 231 (2017) (recognizing that under the pre-2015 version of NRS 116.3116, serving a notice of delinquent assessments constitutes institution of an action to enforce the lien); *Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 371, 373 P.3d 66, 72 (2016) ("[T]he superpriority lien granted by NRS 116.3116(2) does not include an amount for collection fees and foreclosure costs incurred; rather it is limited to an amount equal to the common expense assessments due during the nine months before foreclosure."). Additionally, the publicly recorded foreclosure notices and trustee's deed indicate that the entirety of the HOA's lien was foreclosed upon. *Cuzze*, 123 Nev. at 602, 172 P.3d at 134.

We similarly disagree with appellant's arguments that questions of material fact exist regarding whether the HOA exercised its

---

[2]We are not persuaded that respondents should have been required to produce evidence specifically showing that the HOA had adopted a periodic budget in order to make a prima facie showing that the HOA's lien contained a superpriority component.

superpriority lien rights. Although appellant contends that Article 11 of the HOA's CC&Rs shows that the HOA intended to never exercise its superpriority lien rights, Article 11 makes no mention of the HOA's lien rights. Rather, Article 11 refers to an "amendment or violation" of the CC&Rs. Because the CC&Rs expressly contemplate a homeowner defaulting on monthly assessments, we question whether the former homeowner's default on his monthly assessments was truly a "violation" of the CC&Rs such that Article 11 provides any support for appellant's position. Appellant's position is further undermined by the language in Article 4.8 ("Creation and Release of Lien") and Article 4.10 ("Priority of Assessment Lien") explicitly referring to NRS 116.3116's superpriority provision. Regardless, we are not persuaded that a CC&R provision wherein an HOA purportedly expresses its intent to never exercise its superpriority lien rights can be logically distinguished from a "waiver" that is precluded by NRS 116.1104. *Cf. SFR Invs.*, 130 Nev. at 757-58, 334 P.3d at 419 (recognizing that NRS 116.1104 invalidates mortgage protection clauses). Nor could the HOA's or its agent's uncertainty regarding the effect of the foreclosure sale alter the actual legal effect of the sale.[3] *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619. 621, 426 P.3d 593, 596-97 (2018) (recognizing that a party's subjective belief as to the effect of a foreclosure sale cannot alter the sale's actual effect).

For similar reasons, we reject appellant's argument that the sale should have been set aside on equitable grounds. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon*, 133 Nev. 740,

---

[3]Relatedly, we note that the post-sale distribution of proceeds was not entirely consistent with a subpriority-only sale, as the HOA would not have been entitled to the amount comprising the superpriority portion of its lien.

747-50, 405 P.3d 641, 647-49 (2017) (reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). Although appellant contends that Article 11 of the CC&Rs amounts to unfairness, there is no evidence that appellant's predecessor or potential bidders interpreted Article 11 as a representation that the superpriority portion of the HOA's lien was not being foreclosed such that bidding was chilled. *Cf. id.* at 741, 405 P.3d at 643 (observing that there must be "'some element of fraud, unfairness, or oppression *as accounts for and brings about the inadequacy of price*'" to justify setting aside a foreclosure sale on equitable grounds (emphasis added) (quoting *Shadow Wood Homeowners' Ass'n v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 58, 366 P.3d 1105, 1111 (2016))). And although appellant also contends that unfairness exists because a portion of the sale proceeds were not distributed to appellant's predecessor, this court has previously held that an improper post-sale distribution of proceeds does not amount to fraud, unfairness, or oppression.[4] *Id.* at 752, 405 P.3d at 650. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[5]

_____, C.J.
Gibbons

_____, J.          _____, Sr. J.
Silver                                Douglas

---

[4]Nor does appellant's perceived overall unfairness of NRS Chapter 116's lien foreclosure scheme provide a sufficient basis to set aside the sale.

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.

cc:    Hon. Gloria Sturman, District Judge
Kolesar & Leatham, Chtd.
Alverson Taylor & Sanders
Lipson Neilson P.C.
Eighth District Court Clerk