# IN THE SUPREME COURT OF THE STATE OF NEVADA

TRP FUND IV, LLC,
Appellant,
vs.
U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, IN TRUST FOR REGISTERED HOLDERS OF FIRST FRANKLIN MORTGAGE LOAN TRUST, MORTGAGE LOAN ASSET-BACKED CERTIFICATES, SERIES 2007-FF1,
Respondent.

No. 76641

FILED

FEB 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

The underlying quiet title action involved the claimed rights and interests in real property located in Las Vegas, Nevada. U.S. Bank is the current beneficiary under the first deed of trust, and brought the underlying action against TRP Fund IV, LLC, and others for a judicial determination that its deed of trust was not extinguished by the HOA's foreclosure sale. Following a bench trial, the district court ruled in favor of US Bank on its quiet title claim, concluding that U.S. Bank established unfairness and fraud on the part of the HOA's collection company.[1]

---

[1]As the parties are familiar with the facts, we do not recount the facts except as necessary to our disposition.

20-06025

TRP appeals, arguing in pertinent part that U.S. Bank failed to establish fraud, unfairness, or oppression that would warrant preserving the first deed of trust.[2] We agree.

We review de novo a district court's legal conclusions following a bench trial, but will not disturb the district court's factual findings unless they are unsupported by substantial evidence or are clearly erroneous. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018). We have previously explained that "proper foreclosure of the superpriority piece of the lien extinguishes a first deed of trust," unless "the inadequacy of the price is great" and there exists at least "slight evidence of fraud, unfairness, or oppression." *Nationstar Mortgage, LLC v. Saticoy Bay LLC*, 133 Nev. 740, 740-41, 405 P.3d 641, 642-43 (2017). But, the fraud, oppression, or unfairness must bring about the low sales price. *Golden v. Tomiyasu*, 79 Nev. 503, 514, 387 P.2d 989, 995 (1963).

Here, the district court made no findings as to why the facts demonstrated fraud, unfairness, or oppression that brought about the low sales price. U.S. Bank conceded at oral argument before this court that the only irregularity occurring during the foreclosure sale was that the HOA included improper amounts in the lien, inflating the lien by approximately $1,200, and argued that the starting bid therefore should have been lower than $13,391. U.S. Bank asserts that this chilled bidding and therefore brought about the low sales price. We disagree. Our review of the record demonstrates that two private investors competitively bid on the property and that it ultimately sold for $15,100. Thus, U.S. Bank's complained-of error did not bring about the low sales price. *See Shadow Wood*

---

[2]In light of our decision, we do not reach the remaining arguments.

SUPREME COURT
OF
NEVADA

(O) 1947A

*Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 132 Nev. 49, 56, 366 P.3d 1105, 1110 (2016) (recognizing that the alleged fraud, unfairness, or oppression must account for or bring about the inadequacy of price). We also disagree with U.S. Bank's assertion at oral argument that this nexus is unnecessary—the failure to make this connection means U.S. Bank failed to meet its burden of showing that it is entitled to equitable relief. *See id.* at 60, 366 P.3d at 1112 (placing the burden of proof on the party seeking equitable relief). We therefore conclude the district court erred by quieting title in favor of U.S. Bank. Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court to enter judgment in favor of appellant.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. Linda Marie Bell, Chief Judge
      Israel Kunin, Settlement Judge
      The Wright Law Group
      Wright, Finlay & Zak, LLP/Las Vegas
      Eighth District Court Clerk

