IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK , AS
TRUSTEE FOR THE
CERTIFICATEHOLDERS CWABS,
INC., ASSET-BACKED CERTIFICATES,
SERIES 2005-2,
Respondent.

No. 77674

**FILED**

JUN 2 4 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Nancy L. Allf, Judge.[1]

Having considered the parties' arguments and the record, we perceive no reversible error in the district court's determination that Miles Bauer's superpriority tender preserved the first deed of trust. *Cf. Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo). Although appellant contends that the HOA incurred maintenance and nuisance abatement charges that became part of the superpriority portion of the HOA's lien, substantial evidence supports the district court's contrary conclusion. In particular, it was reasonable for the district court to conclude that no such

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-23444

charges were incurred where the HOA was not statutorily authorized to impose such charges when they were purportedly incurred, *see* 2009 Nev. Stat., ch. 48, at 1008, combined with the absence of any evidence that the HOA actually entered the unit and cleaned up debris.[2] *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                                              Cadish

cc:     Hon. Nancy L. Allf, District Judge
        Janet Trost, Settlement Judge
        Kim Gilbert Ebron
        Akerman LLP/Las Vegas
        Eighth District Court Clerk

---

[2]Appellant does not dispute that the HOA produced its entire file for the subject property, which presumably would have contained some indication that the HOA entered the unit to clean up debris if that actually occurred. We are not persuaded that this court's opinion in *Resources Group, LLC v. Nevada Association Services, Inc.*, 135 Nev. 48, 437 P.3d 154 (2019), stands for the proposition that respondent must prove beyond the shadow of a doubt that no maintenance or nuisance abatement charges were incurred.