## IN THE SUPREME COURT OF THE STATE OF NEVADA

AMANDEEP KAUR MAHALL,
Appellant,
vs.
AJMER SINGH KAHLON,
Respondent.

No. 79454

**FILED**

JUN 24 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### *ORDER OF AFFIRMANCE*

This is an appeal from a district court final judgment in an action to partition real property. Second Judicial District Court, Washoe County; David A. Hardy, Judge.[1]

The district court determined in its May 2019 judgment that appellant had a 40 percent ownership interest in the subject property based on a May 2012 deed conveying that interest to her. Although appellant contends that she signed the deed under duress or undue influence, appellant did not argue that the deed should be void under those legal theories until after the district court entered its May 2019 judgment.[2] To the contrary, her complaint relies on the deed's *validity* as the basis for establishing that she is entitled to *at least* a 40 percent ownership interest. Accordingly, we conclude that substantial evidence supports the district court's partition decision. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (recognizing that this court will not disturb a

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]We recognize that appellant provided testimony that could have supported voiding the deed under those theories, but the record contains no indication that appellant urged the district court to do so until after the May 2019 judgment was entered.

20-23456

district court's factual findings if they are supported by substantial evidence).

Nor are we persuaded that the district court abused its discretion in denying appellant's NRCP 59(e) motion. *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010) ("[A]n order denying an NRCP 59(e) motion is reviewable for abuse of discretion on appeal from the underlying judgment."). Although appellant contends that the district court should have questioned the person who submitted the offer to purchase the property, there is no indication in the record that appellant asked the district court to permit the offeror to testify, and in any event, it does not appear that the offeror would have had any knowledge regarding whether appellant delivered the offer to her former counsel. Accordingly, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, C.J.
Pickering

_____, J.          _____, J.
Parraguirre                                        Cadish

cc:     Hon. David A. Hardy, District Judge
        Robison, Sharp, Sullivan & Brust
        Jonathan H. King
        Washoe District Court Clerk

---

[3]To the extent that this disposition has not explicitly addressed all of appellant's arguments, we are not persuaded that any of those arguments warrant a different outcome.