IN THE SUPREME COURT OF THE STATE OF NEVADA

M&T BANK, A FOREIGN
CORPORATION,
Appellant,
vs.
CHERSUS HOLDINGS, LLC, A
LIMITED LIABILITY COMPANY,
Respondent.

No. 79468

FILED

NOV 13 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF REVERSAL AND REMAND*

This is an appeal from a district court final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Mark R. Denton, Judge.[1]

The district court determined that appellant, not Freddie Mac, owned the loan secured by the deed of trust. Based on appellant's perceived failure to demonstrate Freddie Mac's ownership interest in the secured loan, the district court determined that 12 U.S.C. § 4617(j)(3) (2012) (the Federal Foreclosure Bar) did not apply and that the HOA's foreclosure sale extinguished the first deed of trust. *Cf. Saticoy Bay LLC Series 9641 Christine View v. Federal National Mortgage Ass'n*, 134 Nev. 270, 272-74, 417 P.3d 363, 367-68 (2018) (*Christine View*) (holding that the Federal Foreclosure Bar preempts NRS 116.3116 and prevents an HOA foreclosure sale from extinguishing a first deed of trust when the subject loan is owned

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

20-41491

by the Federal Housing Finance Agency (or when the FHFA is acting as conservator of a federal entity such as Freddie Mac or Fannie Mae)).

We conclude that the district court's determination is not supported by substantial evidence. *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (reviewing a district court's factual findings following a bench trial for substantial evidence and its legal conclusions de novo); *Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) ("Substantial evidence is evidence that a reasonable mind might accept as adequate to support a conclusion." (internal quotation marks omitted)). Most notably, appellant introduced evidence showing that Freddie Mac had been receiving monthly reports on the loan's status since May 2006 and monthly interest payments from June 2006 through January 2013, for which there would be no explanation if Freddie Mac did not own the loan. *See Daisy Tr. v. Wells Fargo Bank, N.A.*, 135 Nev. 230, 234-36, 445 P.3d 846, 850-51 (2019) (holding that similar evidence is sufficient to establish Freddie Mac's ownership in the absence of contrary evidence).[2] Nor are we persuaded that contrary evidence exists. Although the district court determined Freddie Mac did not own the promissory note because the note was delivered to appellant and not Freddie Mac's document custodian, Wilmington Trust, this determination overlooked Jack Pullara's testimony that appellant had acquired Wilmington Trust and that appellant was

---

[2]We recognize that the district court did not have the benefit of the *Daisy Trust* opinion and that *Daisy Trust* was an appeal from an order granting summary judgment.

therefore Freddie Mac's document custodian.[3]  Similarly, although the district court determined that Freddie Mac did not own the promissory note because nonparty Countrywide Home Loans endorsed the note to the order of appellant and not in blank, this determination overlooked the fact that appellant subsequently endorsed the note in blank, which appellant would have had no reason to do if appellant were the note's true owner.  Thus, while Countrywide technically did not comply with Freddie Mac's Single-Family Seller/Servicer Guide, we cannot conclude that this noncompliance justifies affirming the district court's determination that Freddie Mac did not own the note.[4]  *See Brown v. Wash. State. Dep't of Commerce*, 359 P.3d 771, 781, 787 (Wash. 2015) (concluding that a string of endorsements substantively identical to those at issue here was sufficient to show Freddie Mac's ownership of a promissory note).

Accordingly, we conclude that substantial evidence does not support the district court's conclusion that Freddie Mac did not own the loan secured by the first deed of trust.  Appellant is therefore entitled to a judgment that the first deed of trust survived the HOA's foreclosure sale by

---

[3]The district court did not address this portion of Mr. Pullara's testimony in its written judgment.  Relatedly, respondent does not take issue with appellant's assertion that appellant could contemporaneously be Freddie Mac's document custodian and loan servicer.

[4]The district court also relied on two affidavits wherein appellant attested that it was the *holder* of the note, but neither party disputes that appellant is the note *holder* (as opposed to its owner).  *Cf.* NRS 104.3301(2) (recognizing that a note holder is not necessarily its owner).

SUPREME COURT
OF
NEVADA

(O) 1947A

3

virtue of the Federal Foreclosure Bar.[5] *Christine View*, 134 Nev. at 272-74, 417 P.3d at 367-68. In light of the foregoing, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Parraguirre

_____, J.          _____, J.
Hardesty                              Cadish

cc:    Hon. Mark R. Denton, District Judge
       William C. Turner, Settlement Judge
       Malcolm Cisneros\Las Vegas
       The Law Office of Vernon Nelson
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

---

[5]In light of this conclusion, we need not address the parties' arguments regarding respondent's standing.