# IN THE SUPREME COURT OF THE STATE OF NEVADA

DESERT VALLEY CONTRACTING, INC.,
A NEVADA CORPORATION,
Appellant,
vs.
IN-LO PROPERTIES, A NEVADA
LIMITED LIABILITY COMPANY;
EUGENE INOSE, AN INDIVIDUAL; AND
JEFFREY LOUIE, AN INDIVIDUAL,
Respondents.

No. 83338

FILED

AUG 11 2022

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment in a contract dispute. Eighth Judicial District Court, Clark County; Joseph Hardy, Jr., Judge.[1]

Respondents (collectively, Inose) hired appellant Desert Valley Contracting, Inc., to repair and restore a home after it suffered extensive water damage.[2] Their contract required Desert Valley to perform the restoration work in a good and workmanlike manner, while Inose agreed to immediately forward insurance proceeds to Desert Valley and instruct the insurer to make Desert Valley a payee on all insurance drafts for the work. Desert Valley performed extensive work on the home but made mistakes and decisions that increased costs and resulted in additional damage. Meanwhile, Inose requested changes and upgrades that were not in the scope of the repair work, believing those costs could be offset. Throughout the restoration work, Inose turned over some, but not all, of the insurance

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Respondent Eugene Inose is the principal of In-Lo Properties, which owns the subject property.

22-25194

proceeds to Desert Valley. Eventually Desert Valley stopped work on the home. Inose thereafter worked with Desert Valley's subcontractors directly to complete the work. Desert Valley filed the underlying lawsuit alleging breach of contract and related claims; Inose responded with similar counterclaims. Following a seven-day bench trial, the district court dismissed both parties' claims. The district court found that both parties breached the contract and concluded that neither party was entitled to damages. In relevant part, the district court concluded that a scrivener's error in the parties' contract rendered the contract ambiguous, construed the ambiguity against Desert Valley, and found that Desert Valley failed to establish damages because it was paid for the work it completed.

On appeal, this court concluded that the district court erred by finding the scrivener's error made the contract ambiguous such that it should be construed against Desert Valley, and by concluding that the ambiguity barred Desert Valley from seeking damages for its expected profits. Nevertheless, because this court could not determine whether the error was harmless, we reversed and remanded for further proceedings on two issues. First, "the [district] court did not determine who breached first or if the breaches were mutual, thereby precluding relief." *Desert Valley Contracting, Inc. v. In-Lo Props.*, No. 79751, 2021 WL 818191 (Nev. Mar. 3, 2021) (Order of Reversal and Remand). Second,

> because the district court erred in determining the profit provision was ambiguous and that Desert Valley therefore could not establish damages, the district court did not address whether, in light of the evidence presented, the contract, once reformed to omit the scrivener's error, entitled Desert Valley to its expected profit and overhead in the event of termination by Inose.

*Id.*

 

On remand, the district court largely incorporated its findings of fact from its previous order. It also made three alternative legal conclusions, that: (1) both parties materially breached their contract, precluding recovery by either side; (2) Desert Valley is barred from recovering because it committed the first material breach of the contract by stopping work and instructing the subcontractors to also stop working on Inose's project; and (3) that regardless of whether it materially breached the contract, Desert Valley failed to demonstrate its damages by a preponderance of the evidence. The district court also found that its previous order awarding fees and costs to Inose—based on Desert Valley not obtaining an award more than Inose's offer of judgment—remained in effect.

Desert Valley appeals, arguing the district court erred by concluding that it materially breached the contract first, or at all. But the record supports the district court's finding that the parties mutually breached the contract, and that Desert Valley therefore is not entitled to damages for lost profits.[3] *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018) (holding that we will not overturn a district court's findings of fact "unless they are clearly erroneous or not supported by substantial evidence"); *State, Univ. & Cmty. Coll. Sys. v. Sutton*, 120 Nev. 972, 983, 103 P.3d 8, 15 (2004) ("Factual disputes regarding breach of contract are questions for [the factfinder] to decide."); *Westinghouse Elec. Corp. v. Garrett Corp.*, 601 F.2d 155, 158 (4th Cir. 1979) (observing that, under general contract law, "in proper circumstances a

---

[3]The record does not contain substantial evidence regarding which party breached first, but, because we can affirm on an alternative basis, the lack of evidence on this issue is inconsequential.

court may refuse to allow recovery by either party to an agreement because of their mutual fault"); *see also* Restatement (Second) of Contracts § 244 (2022) (explaining that a party's responsibility for damages is discharged where the injured party would not have performed the contract). Specifically, as to Desert Valley's breach, the contract required that "[i]f any requests for additional work to be performed are made during the scope of the job, all such requests *must be put in writing* so that these costs will be added to the Scope of Work." (Emphasis added). Desert Valley's owner confirmed that without written and approved change orders signed by the homeowner, Desert Valley would have no obligation to, and would not pay the subcontractor for, any change to its scope of work. And both the owner and another Desert Valley representative testified that Desert Valley failed to obtain Inose's approval or signature on any change orders throughout the course of its work on Inose's property.[4]

Additionally, there was evidence that Desert Valley breached the contract by failing to perform in a good and workmanlike manner. For example, there was testimony—deemed credible by the district court—that Desert Valley's decision to paint before installing tile resulted in the paint being damaged and having to be redone at an additional cost. *See Castle v.*

---

[4]Desert Valley argues that Inose was aware of the change orders but fails to provide relevant authority or cogent argument as to why this would excuse it from performing under the terms of the contract, which required Inose's signed approval. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (holding that we need not address arguments not cogently argued or supported by relevant authority). Additionally, there was evidence that Inose refused to sign the change orders because Desert Valley consistently represented to Inose that it could offset the costs of certain changes in scope by removing other items that were part of the original scope without affecting the total cost of the project.

*Simmons*, 120 Nev. 98, 103, 86 P.3d 1042, 1046 (2004) ([W]e will not reweigh the credibility of witnesses on appeal; that duty rests within the trier of fact's sound discretion."). There was also testimony that Desert Valley left the home unlocked and failed to supervise the workers, resulting in items being stolen from the home and additional water damage from a rainstorm. And that Desert Valley then incorporated the cost of repairs for this damage and missing items into the cost it sought to collect from Inose. Thus, substantial evidence supports the district court's finding that Desert Valley's contractual breaches precluded it from any award of damages.[5] We, therefore,

ORDER the judgment of the district court AFFIRMED.[6]

_____, C.J.
Parraguirre

_____, J.          _____, Sr.J.
Silver                                  Gibbons

cc:     Hon. Joseph Hardy, Jr., District Judge
        William C. Turner, Settlement Judge
        Hurtik Law & Associates
        Holley Driggs/Las Vegas
        Eighth District Court Clerk

---

[5]Based on this conclusion, we need not consider the argument that the district court erred in concluding Desert Valley failed to prove its damages by a preponderance of the evidence.

[6]The Honorable Mark Gibbons, Senior Justice, participated in the decision of this matter under a general order of assignment.