# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Appellant,
vs.
FEDERAL NATIONAL MORTGAGE ASSOCIATION, D/B/A FANNIE MAE, A GOVERNMENT SPONSORED ENTITY,
Respondent.

No. 76913

FILED

DEC 12 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court judgment following a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Rob Bare, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

Whether characterized as a legal conclusion or a factual finding, we are not persuaded that the district court erred in determining that respondent Fannie Mae did not consent to its first deed of trust being extinguished by the HOA's foreclosure sale. Although appellant argues that Fannie Mae's decision to accept excess proceeds from the sale amounts to such consent, the legal effect of Fannie Mae's acceptance was ambiguous, as it would have been equally consistent with Fannie Mae's belief that it could recover the remaining balance of its secured loan by foreclosing on its

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

19-50425

deed of trust.[2] Accordingly, the district court did not err in determining that Fannie Mae's acceptance of excess proceeds was not an "affirmative[ ] relinquish[ment]" of its rights under the Federal Foreclosure Bar. *See Saticoy Bay LLC Series 9641 Christine View v. Fed. Nat'l Mortg. Ass'n*, 134 Nev. 270, 274, 417 P.3d 363, 368 (2018) (recognizing that Fannie Mae must affirmatively relinquish its rights under the Federal Foreclosure Bar for its property interest to be extinguished by a foreclosure sale). The district court therefore correctly determined that appellant took title to the property subject to Fannie Mae's first deed of trust.[3] Accordingly, we

ORDER the judgment of the district court AFFIRMED.[4]

_____ C.J.
Gibbons

_____, J.          _____, Sr. J.
Cadish                               Douglas

cc:    Hon. Rob Bare, District Judge
       Janet Trost, Settlement Judge
       Kim Gilbert Ebron
       Aldridge Pite, LLP
       Fennemore Craig P.C./Reno
       Eighth District Court Clerk

_____

[2]None of the cases cited in appellant's reply brief involved the Federal Foreclosure Bar. Additionally, appellant has not identified any evidence in the record indicating that Fannie Mae viewed itself as a sold-out junior lienholder when it accepted the excess proceeds. Nor are we persuaded that a presumption to this effect should be adopted.

[3]We decline to consider appellant's argument regarding the one-action rule, as that argument was not raised below. *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

[4]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.