# IN THE SUPREME COURT OF THE STATE OF NEVADA

SFR INVESTMENTS POOL 1, LLC, A
NEVADA LIMITED LIABILITY
COMPANY,
Appellant,
vs.
THE BANK OF NEW YORK MELLON,
F/K/A THE BANK OF NEW YORK, AS
TRUSTEE, FOR THE
CERTIFICATEHOLDERS OF CWALT,
INC., ALTERNATIVE LOAN TRUST
2007-0A7, MORTGAGE PASS-
THROUGH CERTIFICATES, SERIES
2007-0A7,
Respondent.

No. 75226

**FILED**

JAN 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment following a bench trial in a quiet title action.[1] Eighth Judicial District Court, Clark County; Joanna Kishner, Judge. We review a district court's legal conclusions following a bench trial de novo, but we will not set aside the district court's factual findings unless they are clearly erroneous or not supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018).

Before trial, the district court granted summary judgment in favor of respondent on the issue of whether Miles Bauer delivered a February 2011 letter and accompanying $436.50 check to the HOA's agent (NAS). Appellant does not challenge that order but instead contends that there was not substantial evidence of such delivery presented at trial. We

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted.

20-03258

are not persuaded that respondent needed to re-introduce evidence of the delivery at trial once it had already been granted summary judgment on that issue, as appellant has not provided any support for such a proposition. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (observing that it is an appellant's responsibility to provide salient authority in support of arguments raised on appeal). Accordingly, we need not consider whether substantial evidence supported the district court's redundant post-trial finding that the letter and check had been delivered. Because the $436.50 check that was delivered to NAS undisputedly represented 9 months of assessments, the district court correctly determined that the tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the ensuing foreclosure sale did not extinguish respondent's first deed of trust.[2] *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606-12, 427 P.3d 113, 117-21 (2018) (reaffirming that "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments" and concluding that a superpriority tender preserves the first deed of trust).

Appellant contends that NAS had a reasonable basis for rejecting the tender—it believed collection costs were part of the superpriority portion of the HOA's lien. But NAS's reason for rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the HOA's lien by operation of law. *Id.* at 610, 427

_____

[2]Based on the evidence admitted at trial, we are not persuaded that the district court clearly erred in finding that respondent was the beneficiary of a first (as opposed to a second) deed of trust.

P.3d at 120. Because the superpriority portion of the HOA's lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and NAS's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 612, 427 P.3d at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))).

Appellant further contends that the tender was ineffective because it imposed conditions, but we recently rejected similar arguments. *Id.* at 607-08, 427 P.3d at 118. We are not persuaded that the letter or the check contained conditions purporting to absolve respondent of any future liability that it may have to the HOA or contained conditions purporting to absolve the homeowner of liability for the remaining unpaid balance of her account. The letter refers to "the facts stated herein," which specifically pertained to respondent's obligation to pay the superpriority portion of the HOA's lien in the underlying foreclosure proceeding, not to the homeowner's ongoing obligations or any future scenario in which respondent might again need to cure a superpriority default. *Cf. Prop. Plus Invs., LLC v. Mortgage Elec. Registration Sys., Inc.*, 133 Nev. 462, 466-67, 401 P.3d 728, 731-32 (2017) (observing that an HOA must restart the foreclosure process to enforce a second superpriority default).

Appellant further contends that Miles Bauer or respondent needed to record evidence of the tender and that appellant is protected as a bona fide purchaser, but we have also rejected those arguments. *Bank of*

*Am.*, 134 Nev. at 609-10, 612, 427 P.3d at 119-21.[3] Accordingly, the district court correctly determined that appellant took title to the property subject to respondent's first deed of trust.[4] We therefore

ORDER the judgment of the district court AFFIRMED.[5]

_____ Pickering _____, C.J.
Pickering

_____ Gibbons _____ J.     _____ Douglas _____, Sr. J.
Gibbons                                              Douglas


cc:   Hon. Joanna Kishner, District Judge
James A. Kohl, Settlement Judge
Kim Gilbert Ebron
Akerman LLP/Las Vegas
Eighth District Court Clerk

---

[3]Although *Bank of America* did not expressly address appellant's argument regarding equitable subrogation, this court considered and rejected that argument in conjunction with denying SFR Investments' petition for rehearing in that case. We decline to revisit that argument.

[4]We clarify that the district court did not grant respondent equitable relief. Rather, it correctly determined that appellant took title to the property subject to respondent's deed of trust because the superpriority tender cured the default as to that portion of the HOA's lien by operation of law. *Bank of Am.*, 134 Nev. at 610, 427 P.3d at 120.

[5]The Honorable Michael Douglas, Senior Justice, participated in the decision of this matter under a general order of assignment.