# IN THE SUPREME COURT OF THE STATE OF NEVADA

SELECT PORTFOLIO SERVICING, INC.,
Appellant,
vs.
JEFFREY S. DUNMIRE; AND ROSALIE DUNMIRE,
Respondents.

No. 77251

FILED

JAN 27 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a final judgment, after a bench trial, in an action to quiet title. Eighth Judicial District Court, Clark County; Elizabeth Goff Gonzalez, Judge.

Respondents Jeffrey and Rosalie Dunmire refinanced their home in 2008, executing a promissory note (the Note) for $1.3 million in favor of CCSF, LLC. Sometime thereafter, an undated allonge was attached to the Note. The allonge shows endorsements, one to AmTrust Bank and one to Federal Home Loan Bank of Cincinnati (FHLBC). At issue here, an undated stamp at the bottom of the allonge, which states that FHLBC releases "all its interest in the written note and/or mortgage or deed of trust, without recourse" (the FHLBC release). A second allonge (also undated) endorsed the Note from AmTrust Bank to New York Community Bank (NYCB).

AmTrust Bank failed in late 2009, and NYCB acquired AmTrust Bank's existing assets on December 4, 2009. Pertinent here, at the later trial on the Dunmires' quiet title action, the district court concluded that the FHLBC release occurred before NYCB acquired AmTrust Bank's assets.

20-03615

The Dunmires eventually sought a short sale and discontinued their mortgage payments. NYCB then initiated nonjudicial foreclosure proceedings, and the Dunmires and NYCB entered the foreclosure mediation program in 2016. During mediation, the Dunmires first learned of the allonges and the FHLBC release, and the mediator subsequently concluded NYCB did not have authority to enforce the Note. NYCB petitioned for judicial review, which the district court granted after finding that the FHLBC release reverted the interest in the Note back to AmTrust Bank.

The Dunmires then filed the instant complaint for quiet title. Thereafter, appellant Select Portfolio Servicing (SPS) took over servicing of the loan. Following limited discovery regarding the chain of title, both parties moved for summary judgment. The district court granted summary judgment in favor of SPS citing issue preclusion based on the prior district court's granting judicial review from foreclosure mediation proceedings. The district court further found that the record did not support the Dunmires' claim for quiet title. The Dunmires moved for reconsideration. While that motion was pending, the case was reassigned to Judge Elizabeth Gonzalez, who granted the Dunmires' motion for reconsideration and set the matter for a bench trial.

At trial, the Dunmires relied on the plain language of the FHLBC release, while SPS relied largely on testimony by Jeffrey Dunmire and by SPS's ombudsman specialist Mark Syphus. Syphus testified the FHLBC release transferred the interest in the Note back to AmTrust Bank, but Syphus admitted he obtained his understanding from SPS's legal department. Ultimately, the district court found for the Dunmires and quieted title in their favor.

SUPREME COURT
OF
NEVADA

(O) 1947A

2

SPS appeals, first arguing reconsideration was improper where the district court failed to provide any basis for granting reconsideration. SPS thereafter raises several allegations of error regarding the district court's trial decisions, notably that the district court incorrectly determined the intent of the FHLBC release. Finally, SPS argues the district court should not have entered judgment in the Dunmires' favor, as doing so awarded them an inequitable windfall.[1] We conclude that none of SPS's arguments warrants relief from the final judgment.

We review a district court's decision to grant a motion for reconsideration for an abuse of discretion. *AA Primo Builders, LLC v. Washington*, 126 Nev. 578, 589, 245 P.3d 1190, 1197 (2010). A district court may reconsider a clearly erroneous decision. *Masonry & Tile Contractors Ass'n of S. Nev. v. Jolley, Urga & Wirth, Ltd.*, 113 Nev. 737, 741, 941 P.2d 486, 489 (1997). Whether reconsideration was proper here was predicated on whether summary judgment was improper. Summary judgment is not appropriate if any genuine issue of material fact remains for trial. *Id.* at 740, 941 P.2d at 489. Because the district court concluded there was a genuine issue of material fact as to the effect of the FHLBC release and issue preclusion did not apply,[2] the district court articulated sufficient

---

[1]SPS also raises the *D'Oench Duhme* doctrine as codified under the Financial Institutions Reform, Recovery, and Enforcement Act of 1989. SPS admits it did not raise this argument below, and we therefore do not consider it on appeal. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (providing that failure to raise an argument below precludes appellate review unless the argument goes to jurisdiction).

[2]SPS does not expressly challenge the district court's finding that the order on the petition for judicial review had no preclusive effect, and we therefore do not consider that issue here.

grounds for its decision to grant the motion for reconsideration. Moreover, because intent regarding a written contract provision presents a question of fact, *see, e.g., Anvui, LLC v. G.L. Dragon, LLC*, 123 Nev. 212, 216, 163 P.3d 405, 407 (2007) (addressing contract interpretation), the district court did not abuse its discretion by granting reconsideration.

We next turn to the paramount issue on appeal: the effect of the FHLBC release. SPS contends that neither the plain language of the FHLBC release nor any evidence adduced at trial established that the FHLBC release discharged the Dunmires' obligation to repay the Note. SPS further contends that the parties' actions in regards to the loan and Note repudiate the Dunmires' position that the FHLBC release discharged their obligation. SPS also asserts that because there was no evidence as to the intent of the FHLBC release beyond its plain language, by finding for the Dunmires the district court improperly shifted the burden of proof to SPS to prove the chain of title.

"We review the district court's legal conclusions de novo." *Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 228, 181 P.3d 670, 672 (2008). Where a trial court makes findings on conflicting evidence during a bench trial, we will not disturb those findings so long as they are supported by substantial evidence. *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion." *King v. St. Clair*, 134 Nev. 137, 139, 414 P.3d 314, 316 (2018) (internal quotations omitted).

Pursuant to NRS 104.3604, a note holder may discharge a party's obligation to pay by either an intentional voluntary act (surrendering or destroying the note, canceling or striking out the party's

signature, or adding words indicating a discharge), or by renouncing the holder's right to enforce the note. Here, the Dunmires relied solely on the language of the FHLBC release: "The undersigned hereby releases all its interest in the written note and/or mortgage or deed of trust, without recourse. Federal Home Loan Bank of Cincinnati." None of the evidence regarding what transpired after the release established the intent and effect of the FHLBC release.[3] SPS's sole witness testified he had no personal knowledge of the intent and obtained his understanding from SPS's legal department. Although SPS raised several provisions of NRS Chapter 104 during closing argument, notably NRS 104.3204 and NRS 104.3207, the language of the FHLBC release (unlike the endorsements on the allonges) contains no language clearly indicating a transfer or negotiation of the Note, or other language that plainly places that release within the purview of those statutes.[4] In sum, the district court had only the plain language of

---

[3]The district court's finding was based on the evidence, including circumstantial evidence, admitted at trial, and the evidence supports the district court's ultimate determination that the FHLBC release stamp had been placed on the allonge before as opposed to after December 4, 2009. *Cf. Radecki*, 134 Nev. at 621, 426 P.3d at 596; *see also Yamaha Motor Co., U.S.A. v. Arnoult*, 114 Nev. 233, 238, 955 P.2d 661, 664 (1998) ("This court is not at liberty to weigh the evidence anew, and where conflicting evidence exists, all favorable inferences must be drawn towards the prevailing party."). SPS did not present any contrary evidence at trial and concedes in its opening brief that the district court's conclusion on this point was "the most logical conclusion to reach" based on the facts known to the court.

[4]To the extent SPS or the American Legal and Financial Network (in its amicus brief) raise new arguments regarding NRS Chapter 104 on appeal that were not raised or explained to the district court, we decline to consider those arguments. *See* C.J.S. *Amicus Curiae* § 17 (2013) ("Absent exceptional circumstances, amicus curiae cannot expand the scope of an appeal to implicate issues not presented by the parties or seek relief beyond

the FHLBC release before it in determining both intent and effect. It determined that the plain language indicated that FHLBC gave up its right to enforce the Note, thereby discharging the Dunmires' obligation to pay the loan. *See* Release, *Black's Law Dictionary* (9th ed. 2009) (defining a release as "[l]iberation from an obligation, duty, or demand; the act of giving up a right or claim to the person against whom it could have been enforced"). We conclude the district court's decision was not erroneous in light of the evidence adduced at trial.[5]

We next address SPS's evidentiary arguments, reviewing the "district court's decision to admit or exclude evidence for abuse of discretion." *M.C. Multi-Family Dev., LLC v. Crestdale Assocs., Ltd.*, 124 Nev. 901, 913, 193 P.3d 536, 544 (2008). Our review of the record demonstrates that the district court did not abuse its discretion in excluding exhibit 6 because it was not properly authenticated. SPS's consumer ombudsman specialist, Mark Syphus, was not the custodian of records, had no personal knowledge of the record, and could not testify specifically as to

_____

that sought by the parties."); *see also Diamond Enters., Inc. v. Lau*, 113 Nev. 1376, 1378, 951 P.2d 73, 74 (1997) ("It is well established that arguments raised for the first time on appeal need not be considered by this court."). We note the information presented in the amicus brief as to the complexities of the statutory scheme or the meaning of the allonge would have been more appropriately raised to the district court in the first instance. SPS's failure to present evidence (for example, by expert testimony in the field of banking or commercial paper) to support their interpretation forced the district court—which did not have the benefit of this complex explanation now presented in the amicus brief—to rely on circumstantial evidence and the plain language of the allonge. Under these facts, we cannot fault the district court for ruling in the Dunmires' favor.

[5]Based on the foregoing, we further conclude the district court did not improperly shift the burden of proof to SPS.

how the record was made or actually maintained in SPS's system. *See Sanders v. Sears-Page*, 131 Nev. 500, 515, 354 P.3d 201, 211 (Ct. App. 2015); *cf.* NRS 51.065 (hearsay), NRS 51.135 (business records exception); NRS 52.015-025 (authentication). Nor did SPS authenticate this record by other means, such as calling the custodian of records to testify or obtaining an affidavit from the custodian. *Cf.* NRS 52.260; NRS 52.460; NRS 52.480. And any error in excluding proposed exhibits 7, 9, and 13 was harmless, as those exhibits did not contain information that would have changed the outcome here. *See* NRCP 61 (courts must disregard harmless error); *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244 P.3d 765, 778 (2010) (providing that in order to establish that an error is prejudicial and therefore warrants a reversal, "the movant must show that the error affects the party's substantial rights so that, but for the alleged error, a different result might reasonably have been reached").[6]

Finally, we turn to SPS's contention that the Dunmires are not entitled to a windfall judgment. While we are cognizant of the concerns implicit in allowing a landowner plaintiff who has not paid his or her loan to obtain quiet title to property, *see, e.g.*, *Turner v. Seterus, Inc.*, 238 Cal. Rptr.3d 528, 538 (Ct. App. 2018), the record here reflects that the district

---

[6]To the extent SPS argues the district court should have taken judicial notice of the exhibits, we do not address that argument as SPS failed to raise it below. *See In re J.D.N.*, 128 Nev. 462, 468, 283 P.3d 842, 846 (2012) (a party generally waives any argument on appeal regarding the admission of evidence by failing to object below).

court weighed this concern, and we are not aware of any Nevada law that prohibits the district court's decision. We therefore conclude the district court did not abuse its discretion in this instance. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc:     Hon. Elizabeth Goff Gonzalez, District Judge
        Thomas J. Tanksley, Settlement Judge
        Wright, Finlay & Zak, LLP/Las Vegas
        McCarthy & Holthus, LLP/Las Vegas
        Cogburn Law Offices
        Marquis Aurbach Coffing
        Kolesar & Leatham, Chtd.
        Eighth District Court Clerk