IN THE SUPREME COURT OF THE STATE OF NEVADA

BANK OF AMERICA, N.A.; THE BANK OF NEW YORK MELLON, F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATEHOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2005-17; AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., Appellants, vs. THOMAS JESSUP, LLC SERIES VII; FOXFIELD COMMUNITY ASSOCIATION; AND ABSOLUTE COLLECTION SERVICES, LLC, Respondents.

No. 73785

FILED

MAY 07 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART, AND REMANDING

This is an appeal from a final judgment following a bench trial in an action to quiet title. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge. A panel of this court originally issued an opinion resolving this matter. *Bank of Am. v. Thomas Jessup, LLC Series VII*, 135 Nev. 42, 435 P.3d 1217 (2019). On September 24, 2019, we granted respondent Thomas Jessup, LLC's petition for en banc reconsideration of that decision. Having reconsidered the matter, we vacate the panel's March 7, 2019, opinion and issue this order in its place. NRAP 40A(f).

Having reconsidered the parties' arguments and the record, we perceive no reversible error in the district court's determination that respondent Foxfield Community Association's foreclosure sale extinguished the first deed of trust. *Cf. Weddell v. H2O, Inc.*, 128 Nev. 94, 101, 271 P.3d 743, 748 (2012) (reviewing a district court's factual findings following a

20-17375

bench trial for substantial evidence and its legal conclusions de novo). In particular, the district court correctly concluded that Miles Bauer's August 2011 letter to respondent Absolute Collection Services (ACS) offering to pay the yet-to-be-determined superpriority amount was not sufficient to constitute a valid tender. *See 7510 Perla Del Mar Ave. Tr. v. Bank of Am., N.A.*, 136 Nev., Adv. Op. 6, 458 P.3d 348, 349 (2020) ("[A]n offer to pay the superpriority amount in the future, once that amount is determined, does not constitute a tender sufficient to preserve the first deed of trust . . . ."). Nor are we persuaded that the district court clearly erred in finding that the evidence introduced at trial did not establish that ACS had a known policy of rejecting superpriority tenders such that formal tender should have been excused.[1] *See id.* ("[F]ormal tender is excused when evidence shows that the party entitled to payment had a known policy of rejecting such payments.").

Appellants contend that ACS's September 2011 letter demonstrates that it foreclosed on only the subpriority portion of Foxfield's lien. We disagree, as ACS's mistaken belief regarding the foreclosure sale's effect could not alter the sale's actual legal effect, particularly when the superpriority portion of the HOA's lien was still in default at the time of the sale and the sale otherwise complied with NRS Chapter 116's requirements. *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 622, 426 P.3d 593,

---

[1]Appellants' arguments that tender was excused because the superpriority amount was not ascertainable or because ACS imposed unwarranted conditions were not raised below. We therefore decline to consider those arguments. *See Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981) (recognizing that arguments raised for the first time on appeal are waived).

596-97 (2018) (recognizing that a party's subjective belief as to the foreclosure sale's effect cannot alter the sale's actual effect).

Appellants additionally contend that the district court should have set aside the sale based on equitable grounds. *Cf. Nationstar Mortg., LLC v. Saticoy Bay LLC Series 2227 Shadow Canyon (Shadow Canyon)*, 133 Nev. 740, 748-50, 405 P.3d 641, 647-49 (2017) (discussing cases and reaffirming that inadequate price alone is insufficient to set aside a foreclosure sale absent evidence of "fraud, unfairness, or oppression"). As evidence of unfairness, appellants point to (1) ACS's representation in its September 2011 letter that the foreclosure sale would not affect the first deed of trust, and (2) ACS's decision to charge $50 for an itemization of the former homeowner's unpaid balance. While we recognize that *Shadow Canyon* supports appellants' argument, *see id.* at 749 n.11, 405 P.3d at 648 n.11 (citing *ZYZZX2 v. Dizon*, No. 2:13-CV-1307, 2016 WL 1181666 (D. Nev. 2016)), the district court found that "Mr. Jung understood that failure to pay the superpriority portion of the lien would result in the loss of his client's interest in the property." The implication behind this factual finding is that the district court determined it was unreasonable for Mr. Jung to abandon Miles Bauer's legal position regarding NRS 116.3116(2) (2009) based solely on ACS's September 2011 letter, and we are not persuaded that this finding was clearly erroneous. Nor are we persuaded that ACS's decision to charge $50 for an itemization amounts to unfairness, as appellants point to no authority that prohibited ACS from doing so, and it cannot reasonably be argued that Miles Bauer's August 2011 letter was a request to inspect Foxfield's books and records as authorized by Foxfield's

CC&Rs.[2] Accordingly, the district court did not clearly err in determining that there were no equitable grounds to justify setting aside the sale. We therefore affirm the district court's judgment insofar as it held that the foreclosure sale extinguished the first deed of trust.

Appellants next contend that the district court erroneously granted judgment in favor of Foxfield and ACS on appellants' cross-claims for (1) wrongful foreclosure, (2) tortious interference with contractual relations, (3) unjust enrichment, and (4) breach of NRS 116.1113. We affirm the district court's judgment on appellants' wrongful foreclosure and tortious interference claims. Because the superpriority portion of Foxfield's lien was in default at the time of the foreclosure sale, the foreclosure was not wrongful. See Collins v. Union Fed. Savings & Loan Ass'n, 99 Nev. 284, 304, 662 P.2d 610, 623 (1983) ("[T]he material issue of fact in a wrongful foreclosure claim is whether the trustor was in default when the power of sale was exercised."). And foreclosing on a statutory lien that the Legislature has given priority over a first deed of trust does not demonstrate tortious interference with appellants' deed of trust. See J.J. Indus., LLC v. Bennett, 119 Nev. 269, 274, 1264, 71 P.3d 1264, 1267 (2003) (listing as one of the elements of a tortious interference claim "an intentional act[ ] intended or designed to disrupt the contractual relationship"). Although appellants argue that ACS intentionally refused Miles Bauer's superpriority tender, Miles Bauer did not make such a tender, and as noted above, we perceive no clear error in the district court's finding that appellants did not demonstrate that ACS had a known policy of rejecting

---

[2]If Miles Bauer were asking to inspect Foxfield's books and records pursuant to the CC&Rs, its August 2011 letter presumably would have referenced the CC&Rs.

SUPREME COURT
OF
NEVADA

(O) 1947A

4

superpriority lien tenders such that Miles Bauer's failure to formally tender should be excused.

However, we reverse the district court's judgment on appellants' unjust enrichment and NRS 116.1113 claims, as appellants may be entitled under either of those claims to any excess proceeds from the foreclosure sale after allowable fees were paid and Foxfield's lien was satisfied. NRS 116.31164(3)(c) (2005); *See SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 743, 334 P.3d 408, 409 (2014) (explaining that the superpriority portion of an HOA's lien is superior to the first deed of trust but that the first deed of trust is superior to the remaining portion of the HOA's lien). Consistent with the foregoing, we

ORDER the judgment of the district court AFFIRMED IN PART AND REVERSED IN PART, AND REMAND this matter to the district court for proceedings consistent with this order.

_____ , C.J.
Pickering

_____ J.
Gibbons

_____ , J.
Parraguirre

_____ , J.
Cadish

_____ , J.
Hardesty

_____ , J.
Stiglich

_____ , J.
Silver

cc: Hon. Linda Marie Bell, Chief Judge
Akerman LLP/Las Vegas
Kim Gilbert Ebron
Law Office of Richard L. Tobler, Ltd.
Cox Law, LLC
Anthony S. Noonan
The Law Office of Mike Beede, PLLC
Roger P. Croteau & Associates, Ltd.
Eighth District Court Clerk