# IN THE SUPREME COURT OF THE STATE OF NEVADA

CAPE JASMINE COURT TRUST,
Appellant,
vs.
NATIONSTAR MORTGAGE, LLC,
Respondent.

No. 79065

**FILED**

MAY 15 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court final judgment in a quiet title action. Eighth Judicial District Court, Clark County; Rob Bare, Judge.[1]

The HOA in this case recorded a "notice of lien" and later foreclosed on that lien. After a bench trial between the first deed of trust holder and the successor-in-interest to the purchaser at the foreclosure sale regarding title to the property, the district court concluded that the foreclosed-upon lien contained no superpriority component. The court therefore entered a judgment that the foreclosure sale did not affect the first deed of trust.

The record supports the district court's finding that, at the time the HOA recorded the notice of lien, the homeowner was not delinquent on monthly assessments and had not been charged for any maintenance and nuisance abatement.[2] *See Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619,

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

[2]Appellant argues that the district court accepted the parties' pre-trial factual stipulations, which included a stipulation that the notice of lien included amounts for delinquent assessments. But the parties' later-filed

SUPREME COURT
OF
NEVADA

(O) 1947A

20-18616

621, 426 P.3d 593, 596 (2018) (reviewing a district court's factual findings following a bench trial for substantial evidence). And the district court correctly concluded that the superpriority component of an HOA's lien is limited to nine months of assessments preceding the notice of lien and maintenance and nuisance abatement charges. *See* NRS 116.3116(2) (2009) (describing the superpriority component of an HOA's lien as "the assessments for common expenses . . . which would have become due . . . during the 9 months immediately preceding institution of an action to enforce the lien"); *Saticoy Bay LLC Series 2021 Gray Eagle Way v. JPMorgan Chase Bank, N.A. (Gray Eagle)*, 133 Nev. 21, 25-26, 388 P.3d 226, 231 (2017) (holding that, under the pre-2015 version of NRS 116.3116, serving a notice of delinquency institutes an action to enforce the lien); *see also Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 606, 427 P.3d 113, 117 (2018) (providing that a plain reading of the 2012 version of the statute "indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments"); *Radecki*, 134 Nev. at 621, 426 P.3d at 596 (reviewing a district court's legal conclusions following a bench trial de novo). Because the foreclosed-upon lien contained no charges for delinquent assessments or maintenance and nuisance abatement charges, the district court correctly concluded that it lacked superpriority status and, therefore, its foreclosure did not affect the first deed of trust. *See Bank of Am.*, 134 Nev. at 612, 427 P.3d at 121 (recognizing that an HOA's foreclosure on a lien that

---

amended joint trial brief stated that one issue for trial was whether the HOA's lien contained amounts subject to superpriority status, and the district court's finding is supported by substantial evidence in the record, such that we find no error in this regard.

SUPREME COURT
OF
NEVADA

(O) 1947A

has no superpriority component results in the first deed of trust remaining on the property).

Appellant's argument that the homeowner defaulted on assessments after the notice of lien was filed and that the HOA amended its notice of lien to include a superpriority piece by sending a letter to the homeowner stating that it was now including those unpaid assessments in the lien fails. As stated above, only delinquent assessments that precede the filing of the notice of lien can be included in the superpriority default. *See* NRS 116.3116(2) (2009); *Gray Eagle*, 133 Nev. at 25-26, 388 P.3d at 231. Based on the foregoing, we

ORDER the judgment of the district court AFFIRMED.[3]

_____, J.
Gibbons

_____, J.
Stiglich

_____, J.
Silver

cc: Hon. Rob Bare, District Judge
Law Offices of Michael F. Bohn, Ltd.
Akerman LLP/Las Vegas
Fennemore Craig P.C./Reno
Eighth District Court Clerk

---

[3]Based on this, we need not address the district court's alternative grounds for finding in favor of respondent or appellant's arguments regarding those alternative grounds.