142 Nev., Advance Opinion 1

## IN THE SUPREME COURT OF THE STATE OF NEVADA

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT RELATED TO IMPAC SECURED ASSETS CORP., MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-3,
Appellant,
vs.
COLLEGIUM FUND LLC SERIES 16, A NEVADA LIMITED LIABILITY COMPANY,
Respondent.

No. 88184

**FILED**

JAN 08 2026

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court judgment in an action to quiet title. Eighth Judicial District Court, Clark County; Anna Albertson, Judge.

*Reversed.*

Akerman LLP and Scott R. Lachman, Las Vegas,
for Appellant.

Hanks Law Group and Karen L. Hanks, Las Vegas,
for Respondent.

_____

BEFORE THE SUPREME COURT, PICKERING, CADISH, and LEE, JJ.

26-00943

## OPINION

By the Court, PICKERING, J.:

This is an appeal from a judgment quieting title in favor of the buyer at a homeowners' association (HOA) lien foreclosure sale and against the bank holding a first deed of trust on the property. Before the sale, the homeowner made payments to the HOA that were sufficient to pay off its superpriority lien. We hold that these payments converted the sale to a subpriority lien foreclosure sale and that the homeowner did not need to also pay off the separate superpriority lien that a second HOA held on the property for this conversion to occur. Because a subpriority lien is junior to a first deed of trust, the bank's first deed of trust remained an encumbrance against the property and the foreclosure sale buyer took title subject to the deed of trust. We therefore reverse.

### I.

Appellant Deutsche Bank National Trust Co. held a first deed of trust on a residential property governed by two HOAs: Aliante Master Association and Autumn Ridge at Aliante Community Association. When the homeowner fell behind on his monthly assessments, both HOAs recorded notices of claims of lien but only Aliante proceeded to foreclosure sale. Before the sale, the homeowner made several payments to Aliante. Had Aliante applied the payments to the oldest assessments first, they would have satisfied the superpriority portion of Aliante's lien.

Respondent Collegium Fund LLC Series 16 bought the property at the foreclosure sale, then sued to quiet title. Collegium argued that Aliante properly foreclosed its superpriority lien and that, since a superpriority lien is senior to a first deed of trust, the sale extinguished Deutsche Bank's deed of trust. Deutsche Bank countered that the

(O) 1947A

homeowner's payments satisfied the superpriority portion of Aliante's lien, leaving it with only a subpriority lien to foreclose. Since a subpriority lien is junior to a first deed of trust, Deutsche Bank maintained that its deed of trust survived Aliante's foreclosure sale and that Collegium took title subject to its deed of trust.

After a three-day bench trial, the district court ruled in Collegium's favor. It found that Aliante applied the homeowner's payments to the past-due assessments as a whole, not to the older assessments comprising its superpriority lien first. This left a small piece of Aliante's superpriority lien outstanding, so the sale proceeded as a superpriority lien foreclosure and extinguished Deutsche Bank's first deed of trust. The district court alternatively found that it did not matter how Aliante applied the homeowner's payments since "there was zero evidence any money was paid toward Autumn Ridge's lien." In *Southern Highlands Community Association v. San Florentine Avenue Trust*, 132 Nev. 24, 29-31, 365 P.3d 503, 506-07 (2016), this court held that when two HOA liens have equal priority, the foreclosure of one extinguishes the other, with the lienholders then sharing the proceeds from the foreclosure sale. The district court interpreted *Southern Highlands* as holding that "the foreclosure of one [HOA lien] is the foreclosure of all"—meaning that the superpriority portions of *both* Aliante's and Autumn Ridge's liens needed to be paid off before the sale for it to become a subpriority-lien-only sale. Since that did not occur, the district court determined Collegium took title free and clear of Deutsche Bank's first deed of trust. Deutsche Bank appeals.

## II.

If a homeowner fails to pay HOA assessments, the HOA may assert a lien and foreclose on the property. NRS 116.3116-.31168; *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 130 Nev. 742, 758, 334 P.3d 408, 419 (2014),

*superseded by statute on other grounds as stated in Saticoy Bay LLC Series 9050 W Warm Springs 2079 v. Nev. Ass'n Servs.*, 135 Nev. 180, 444 P.3d 428 (2019). NRS 116.3116 splits an HOA lien into two parts: a superpriority piece, which is senior to a first deed of trust; and a subpriority piece, which is junior to a first deed of trust. *SFR Invs. Pool 1*, 130 Nev. at 745, 334 P.3d at 411. Deutsche Bank argues that because the homeowner's payments were sufficient to satisfy Aliante's superpriority lien, the sale proceeded as a subpriority lien foreclosure that its deed of trust survived.

"After a bench trial, this court reviews the district court's legal conclusions de novo" but will leave its factual findings "undisturbed unless they are clearly erroneous or not supported by substantial evidence." *Wells Fargo Bank, N.A. v. Radecki*, 134 Nev. 619, 621, 426 P.3d 593, 596 (2018). Reviewing de novo, we reverse for two reasons. First, the district court failed to recognize that "[i]n the absence of express allocation by the debtor, the HOA may not direct payments in a way that preserves the HOA's superpriority lien to the detriment of the homeowner and bank" in whose interest it is to protect the first deed of trust by paying off the superpriority lien. *Deutsche Bank Tr. Co. Ams. ex rel. Rali 2006QA5 v. SFR Invs. Pool 1, LLC*, 140 Nev., Adv. Op. 43, 551 P.3d 837, 843 (2024) (referred to as "*Swaggerty*," after the name of the homeowner involved). Second, when two HOAs record liens against the same property, the pre-sale payment of the foreclosing HOA's superpriority lien converts its sale to a subpriority-lien-only sale; nothing requires the non-foreclosing HOA's superpriority lien to also be paid off for that conversion to occur. *See Bank of N.Y. Mellon v. Seven Hills Master Cmty. Ass'n*, No. 2:16-cv-01128-APG-NJK, 2020 WL 620273, at *4-5 (D. Nev. Feb. 10, 2020).

A.

By law, Aliante's superpriority lien consisted of, at most, the homeowner's unpaid common expense assessments for the nine months predating its notice of claim of lien, NRS 116.3116(2) (2013); *see Prop. Plus Invs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 133 Nev. 462, 465, 401 P.3d 728, 730 (2017),[1] and did not include foreclosure fees and collection costs, *see Horizons at Seven Hills Homeowners Ass'n v. Ikon Holdings, LLC*, 132 Nev. 362, 369-71, 373 P.3d 66, 71-72 (2016), or the assessments that were incurred and became delinquent after it recorded its notice of claim of lien, *cf. Prop. Plus Invs.*, 133 Nev. at 465-67, 401 P.3d at 731-32.

When Aliante recorded its notice of lien, its monthly assessments were $34 and the homeowner was either six or maybe seven months behind in paying them. Aliante's superpriority lien thus came to $238—seven months of delinquent pre-notice assessments at $34 per month. Aliante's total lien exceeded that sum because it included the unpaid assessments that continued to accrue after it filed its notice of lien and the other costs and fees comprising its subpriority lien. The homeowner made two payments totaling $550 against Aliante's lien. He did not direct Aliante to pay off the superpriority lien first, and Aliante applied the payments to the lien debt as a whole, which left $19 of the superpriority lien debt outstanding for it to foreclose. The district court concluded that

---

[1]Aliante's foreclosure was governed by the pre-2015 version of NRS Chapter 116, so that version's provisions are cited in the text. NRS 116.3116(2) (2013) is now codified as NRS 116.3116(3)(b). A superpriority lien can also include maintenance or nuisance-abatement charges, *Prop. Plus Invs.*, 133 Nev. at 465, 401 P.3d at 730; NRS 116.3116(2) (2013); *see* NRS 116.3116(3)(a), but the record does not show that Aliante's lien included such charges.

Aliante had discretion to apply the payments in this way because the homeowner did not specify how he wanted the payments applied.

The district court's conclusion cannot be squared with our recent decision in *Swaggerty*, 140 Nev., Adv. Op. 43, 551 P.3d at 840. There, as here, a homeowner made payments to his foreclosing HOA without instructing the HOA how to apply them. *Id.* at 844-45. If the HOA had applied the payments to the superpriority lien first, they would have been enough to pay it off entirely, thereby protecting the bank's first deed of trust. *Id.* Instead, the HOA applied the payments in a way that preserved its superpriority lien. *Id.* Reversing, we held that an HOA "may not, without express direction from the homeowner, allocate the payment so as to forfeit the first deed of trust holder's interest and deprive the homeowner of the security in the home." *Id.* at 846. Any such unauthorized allocation is "invalid" as a matter of law. *Id.* at 842. Regardless of the homeowner's silence on the payments' application, "principles of justice and equity . . . presume that the superpriority lien is paid first, unless the court has a compelling reason to conclude otherwise." *Id.* at 846.

Under *Swaggerty*, the homeowner's payments satisfied the superpriority portion of Aliante's lien as a matter of law. Indeed, Collegium does not argue otherwise, observing only that the district court resolved this case before *Swaggerty* was decided and that *Swaggerty* "changed the law." Assuming for argument's sake that Collegium is correct, *but see id.* at 843-44 (relying on our 2020 decision in *9352 Cranesbill Trust v. Wells Fargo Bank, N.A.*, 136 Nev. 76, 459 P.3d 227, as the foundation for its holding), *Swaggerty* still controls. *See* 20 Am. Jur. 2d *Courts* § 149 (2015) (noting that when an appellate court "announces a new rule of law," the new rule ordinarily applies "to all similar cases pending on review in which the issue

had been preserved for appellate review, even if the decision constitutes a clear break with past precedent. Thus, generally, judicial decisions are applied retroactively to all civil matters that have not reached final judgment.") (footnote omitted).

B.

The district court alternatively concluded that, even if it found that the homeowner's payments satisfied Aliante's superpriority lien, the foreclosure sale nonetheless extinguished Deutsche Bank's deed of trust. In its view, the superpriority portions of both Aliante's and Autumn Ridge's liens needed to be paid off before the sale for it to become a subpriority-lien-only foreclosure sale. Since the evidence did not show any payments to Autumn Ridge, the district court determined that the sale proceeded as a superpriority lien foreclosure that the deed of trust did not survive.

The district court based its decision on *Southern Highlands*, 132 Nev. at 30-31, 365 P.3d at 507, to which it erroneously ascribed the holding that "the foreclosure of one [HOA lien] is the foreclosure of all." Like this case, *Southern Highlands* involved two HOAs with liens against the property, one of which proceeded to foreclosure sale. But from there, *Southern Highlands* and this case diverge—in *Southern Highlands*, no payments were made (or tendered) to the foreclosing HOA to pay off any portion of its lien before the sale; rights arising under a first deed of trust were not in dispute; and the sale proceeded as a straight superpriority lien foreclosure. *Id.* at 25-26, 365 P.3d at 504.[2] After the sale, the second HOA

---

[2]Although sums due from the homeowner that comprised the second HOA's lien apparently predated the first HOA's foreclosure sale, the opinion notes the second HOA did not record its lien until after the foreclosure sale. *Southern Highlands*, 132 Nev. at 26, 365 P.3d at 504.

initiated its own foreclosure proceedings, which the buyer at the first HOA's foreclosure sale sued to enjoin.

Under NRS 116.3116(4) (2013) (now, NRS 116.3116(8)), two HOA liens generally have "equal priority." Analogizing Nevada's equal-priority HOA liens to California mechanics' liens, 132 Nev. at 30, 365 P.3d at 507 (citing 5 Miller & Starr, *Cal. Real Estate* § 11:130 (3d ed. 2009)), *Southern Highlands* held "when one equal priority lienholder forecloses, all other equal priority liens are *extinguished*" and "all equal priority lienholders share in the foreclosure sale proceeds." *Id.* at 31, 365 P.3d at 507 (emphasis added). We therefore affirmed the district court's order enjoining the second HOA's pending foreclosure sale and held that the second HOA should satisfy its lien from the proceeds of the first sale. *Id.* Extinguishing a lien is not the same thing as foreclosing it and does not mean that where, as here, two HOAs have recorded superpriority liens against a property, the homeowner or the holder of the first deed of trust must pay off the superpriority portions of both liens to convert a noticed sale to a subpriority lien foreclosure sale.

The Nevada federal district court's decision in *Bank of New York Mellon*, No. 2:16-cv-01128-APG-NJK, 2020 WL 620273, at *4, is persuasive. In that case, the purchaser—like the district court and Collegium here—read *Southern Highlands* to say that "when one HOA forecloses on its superpriority lien, any other HOA's superpriority lien on the same property is also foreclosed." *Id.* The federal district court held that this interpretation misread Nevada law, explaining that under *Southern Highlands*, "when one HOA forecloses, the other's lien is *extinguished* as if it were a junior lien, with the caveat that unlike junior lienholders, the second HOA shares in the sale proceeds pro rata if there is

SUPREME COURT
OF
NEVADA

(O) 1947A

not enough to satisfy both liens." *Id.* (emphasis added). Thus, by satisfying the superpriority portion of the foreclosing HOA's lien, the bank "preserved its deed of trust . . . and it did not need to also tender payment" to the non-foreclosing HOA. *Id.*

Any other conclusion would undermine the split-lien scheme governing HOA liens. When a homeowner or bank pays off the superpriority portion of a foreclosing HOA's lien, the payment reduces the lien being foreclosed to a subpriority lien. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev. 604, 612, 427 P.3d 113, 121 (2018). From that point forward, the liens held by the foreclosing and non-foreclosing HOAs are no longer of equal priority—the foreclosing HOA has only a subpriority lien to assert until the foreclosure sale occurs or it rescinds its notice of claim of lien. *See Prop. Plus Invs.*, 133 Nev. at 465, 401 P.3d at 730. The non-foreclosing HOA's lien, by contrast, retains its superpriority status. Since the liens are not of equal priority, *Southern Highlands* does not apply, and the non-foreclosing HOA's superpriority lien survives the foreclosure sale along with the first deed of trust because they are both senior to the junior subpriority lien being foreclosed. *See* Restatement (Third) of Property (Mortgages) § 7.1 (1997) ("A valid foreclosure of a mortgage terminates all [junior] interests . . . . [It] does not terminate interests in the foreclosed real estate that are senior to the mortgage being foreclosed."). It would disserve efficiency and the bank's and the homeowner's interests in preserving the first deed of trust to, in effect, double the payment required

(O) 1947A

to convert the sale to a subpriority lien foreclosure sale by adding a non-foreclosing HOA's superpriority lien to the mix.

We therefore reverse.

_____, J.
Pickering

We concur:

_____, J.
Cadish

_____, J.
Lee